IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ADEYEMI,

    *Plaintiff,*

v.

SUNTRUST BANKS,

    *Defendant.*

Civil Action No. ELH-20-3696

## MEMORANDUM

James Adeyemi, the self-represented plaintiff, filed suit in the Circuit Court for Anne Arundel County against "SunTruth Bank." ECF 4 ("Complaint"). Defendant removed the suit to this Court on December 21, 2020, invoking federal question jurisdiction. ECF 1 at 1. Plaintiff subsequently requested to change defendant's name in the case caption to "SunTrust Banks." ECF 15. I granted that request. ECF 16. However, defendant explains that the true party in interest is Truist Bank ("Truist"). *See, e.g.*, ECF 1 at 1 n.1; *see also* ECF 8 at 1 n.1.[1] Consistent with defendant's usage, I shall refer to defendant as Truist or the "Bank."

---

[1] Defendant states, ECF 1 at 1 n.1:

The Complaint improperly identifies Defendant as "SunTruth Bank." Truist believes Plaintiff intended to name SunTrust Bank as a defendant, as the Complaint references a "bank station locates (sic) at 14070 Baltimore Ave, Laurel, Md 20707" and there is a SunTrust Bank branch at this address. . . . Truist Bank is the successor by merger to SunTrust Bank. Truist Bank was formed on December 7, 2019, by the merger of SunTrust Bank into Branch Banking and Trust Company and Branch Banking and Trust Company's subsequent change of its name to Truist Bank.

The Complaint is difficult to decipher.[2]  Plaintiff alleges that Truist closed his bank account and "seized" approximately $29,000 from him, among other things.  ECF 4 at 1-2.  He does not specify a cause of action.  *See id.* at 1-3.

Defendant has moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 8), supported by a memorandum of law.  ECF 8-1 (collectively, the "Motion").  Plaintiff opposes the  motion (ECF 11), supported by one exhibit.  Defendant replied.  ECF 13.

No hearing is necessary to resolve the defendant's Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall remand the suit to State court for lack of subject matter jurisdiction.  And, I shall deny the Motion, as moot.

## I. Background[3]

The Complaint is two pages in length.  According to the Complaint, in March 2020 plaintiff opened an account with the Bank at a branch location in Laurel.  ECF 4 at 1.  "After two months" defendant "closed [plaintiff's] account instantly without a warning and also . . . refused to return [his] money in [the] total sum of more than 29,000 dollars."  *Id*.  Specifically, plaintiff alleges that in April 2020 "defendant seized [his] money in [the] amount of $27,991.56" and "seized 1700 dollars transferred to [him] through Coinbase as well."  ECF 4 at 2.

In addition, plaintiff alleges that he had a Truist credit card.  ECF 4 at 1.  However, it seems that, at an unspecified time, defendant "closed" the credit card while an outstanding balance remained.  *See id.*  And, because defendant "closed [his] bank account instantly," plaintiff "could

---

[2] In a subsequent filing, plaintiff asserts that writing does not come easily to him because his "first language is not English but American Sign Language."  ECF 11 at 3.

[3] As discussed, *infra*, at this juncture I must "accept[] all well-pleaded allegations of the complaint as true and draw[] all reasonable inferences therefrom in favor of the plaintiff."  *DeMasters v. Carilion Clinic*, 796 F.3d 409, 416 (4th Cir. 2015); *see Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

not access [his] bank account in order to make payment[s] to [his] credit card." *Id*. at 1-2. Although plaintiff eventually managed to pay the balance on the credit card, the Bank assessed a late fee of $89. *See id.* at 2. It also "harassed" plaintiff, "demanded" payment for the "late charge," and "reported [plaintiff as] delinquent to [the] credit bureaus." *Id*. at 2-3.

Plaintiff does not identify a cause of action on which his suit is based. But, he seeks "to retrieve" his money, in the amount of $29,691.56. *Id.* at 2.

## II.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Services Bd.,* 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young,* 569 U.S. 221 (2013); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair

notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); *see also Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and...recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co*., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); see *Semenova v. Md. Transit Admin*., 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty*., 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In deciding a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of*

*the complaint*.' " *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis in *Goodman*) (citation omitted).

### III. Discussion

In the Motion, defendant construes the Complaint to assert a claim under either the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 666 *et seq.*, or the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, *et seq*.  ECF 8-1 at 1.  On this basis, defendant removed the case to federal court.

In his opposition, plaintiff asserts that the FCBA and the FRCA have "NOTHING to do with the complaint . . . ."  ECF 11 at 3.  He reiterates that "the complaint was about [his] money deposited into the defendant's bank," which was "seized" by defendant.  *Id*. at 4.  In plaintiff's view, defendant "misguided" the Court in contending that plaintiff presents a FCBA or FCRA claim.  *Id.*  Plaintiff also submitted an exhibit (ECF 11-1) containing an "Order For Mediation" issued by the State court, prior to defendant's removal of the suit to federal court.  *See id.*  According to plaintiff, defendant removed the suit, at least in part, to "avoid the order for Mediation."  ECF 11 at 4.

There is no indication in the suit that plaintiff sought to assert a cause of action arising under federal law.  That determination implicates an issue that the parties have not raised, at least not explicitly: the Court's jurisdiction.

"[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).  In *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit observed: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alteration in *Hanna*); *see*

*Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009), *cert. denied*, 558 U.S. 875 (2009).  Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2007).  Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed."  *Hanna*, 750, F.3d at 432.

Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  If a party seeks to proceed in federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."  *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).  And, pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction.  *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).  This is because "jurisdiction goes to the very power of the court to act."  *Ellenburg*, 519 F.3d at 196.

Further, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in *Poole*) (citing *Kokkonen*, 511 U.S. at 377).  Moreover, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment."  *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see also McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); *Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011).

Congress has conferred jurisdiction on the federal courts in several ways.  To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the

district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *see also Exxon Mobil Corp.,* 545 U.S. at 552; *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *see also* U.S. Constitution Art. III, § 2.s   This is sometimes called federal question jurisdiction.

Jurisdiction may also be founded on diversity, pursuant under 28 U.S.C. § 1332(a).  Of relevance here, diversity obtains "in civil actions between citizens of different States," so long as the amount in controversy exceeds $75,000.  *Exxon Mobil Corp.,* 545 U.S. at 552; *see* § 1332(a).  Complete diversity is required, "meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Here, plaintiff is adamant that the suit does not rely on federal question jurisdiction.  And, the suit plainly fails to satisfy the elements of diversity jurisdiction, as the amount in controversy is far less than $75,000.

I agree with plaintiff that federal question jurisdiction is not implicated.  Accordingly, the case was improperly removed.

Section 1447(c) of 28 U.S.C. provides, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Fourth Circuit has instructed that under "this statutory scheme, a district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time . . . ." *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016).  Therefore, I shall remand the case to the Circuit Court for Anne Arundel County.

## IV.  Conclusion

For the foregoing reasons, I shall remand the case to the Circuit Court for Anne Arundel County.   And, I shall deny the Motion, as moot.

An Order follows.


Date: August 2, 2021                                    _____/s/_____

                                                        Ellen L. Hollander
                                                        United States District Judge